IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREEN GUY | : | CIVIL ACTION |
| v. | : | |
| MICHAEL ERDOS, et al. | : | NO. 16-3683 |

FILED
AUG 1 5 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Cle

MEMORANDUM

O'NEILL, J.                                                                                   AUGUST 15, 2016

Plaintiff Guy Green, a prisoner incarcerated at the Philadelphia Detention Center, brings this action pursuant to 42 U.S.C. § 1983 based on his allegation that the defendants have incorrectly calculated his sentence, causing his wrongful incarceration.[1] He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.     FACTS

On May 24, 2016, Judge Michael Erdos of the Philadelphia Court of Common Pleas sentenced plaintiff to serve six to twenty-three months of incarceration for violating his probation. *Commonwealth v. Green*, Docket No. CP-51-CR-0012285-2007. The Court understands plaintiff to be alleging that his sentence is unconstitutional because he had already served his maximum sentence. Accordingly, he initiated this civil action against Judge Erdos, Judge Thomas Dempsey, Byron Cotter of the Philadelphia Defender Association, the Commonwealth of Pennsylvania, the Philadelphia Prison System, and "Adult Probation and

---

[1] Although plaintiff identifies himself as Green Guy in the caption of the complaint, his prison account statement and the dockets for his criminal cases reflect that his name is Guy Green.

1

Parole Department of Phila. PA." Plaintiff seeks review of his state court records and monetary damages for "false imprisonment and double jeopardy." (Compl. ¶ V.)

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, to the extent plaintiff is seeking release from imprisonment due to the alleged miscalculation of his sentence, he must file a petition for *habeas corpus* after exhausting state remedies.

Additionally, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[2] However, as plaintiff is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, plaintiff seeks damages for unconstitutional imprisonment resulting from the alleged miscalculation of the time he spent on probation. However, the sentence he is challenging has not been invalidated or otherwise called into question. Accordingly, plaintiff's claims are not cognizable in a civil rights action because success on those claims would necessarily demonstrate the invalidity of his sentence.[3] *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to a claim of unlawful detention based on parole board decision).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[3] There are other reasons why plaintiff's claims lack merit. First, the Commonwealth of Pennsylvania and the Adult Probation and Parole Department are entitled to Eleventh Amendment immunity and, in any event, are not "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Second, Judges Erdos and Dempsey are absolutely immune from claims based on acts they took in their judicial capacity, including sentencing plaintiff in his criminal case. *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Third, public defenders are not state actors subject to liability under § 1983 by virtue of their representation of criminal defendants. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Finally, the Philadelphia Prison System is not an entity separate from the City that is subject to suit and, in any event, plaintiff has not stated a basis for municipal liability here. *See* 53 Pa. Cons. Stat. § 16257; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).